IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN AND JACQUELINE PADILLA,

        Plaintiffs,

v.                                                          Civ. No. 11-05 ACT/RHS

UNITED STATES OF AMERICA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant United States of America's Motion to Dismiss Or, in the Alternative, Motion for Summary Judgment filed May 6, 2011. [Doc. 9].  Having reviewed the Motion and the Memorandum in Support of Motion ("Defendant's Motion to Dismiss") [Doc. 9 and 10], the Plaintiff's Response filed May 16, 2011 [Doc. 11] and the Defendant's Reply filed June 9, 2011 [Doc. 13], the Court finds that it lacks subject matter jurisdiction because Plaintiffs did not follow the prerequisite administrative procedures required for contesting a forfeiture of seized property under either 18 U.S.C. § 983 *et seq*. or under 19 U.S.C. §1600 *et seq*.

**I.  Legal Standard**

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so.  *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  The party seeking to invoke a federal court's

jurisdiction sustains the burden of establishing that such jurisdiction is proper.  *Penteco Corp. v. Union Gas System, Inc.* 929 F.2d 1519, 1521 (10th Cir. 1991).

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction typically take two forms: a facial challenge or a factual challenge. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  A facial challenge is an attack on jurisdiction that questions the sufficiency of the complaint. *Id.*  In reviewing a facial attack, the court must accept the allegations of the complaint as true.  A factual attack on subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends.  *Id.*  In reviewing a factual attack on subject matter jurisdiction, a court may not presume the truthfulness of the complaint's factual allegations but must go beyond the allegations and evaluate the evidence presented by the parties.  *Id.*

While the court may refer to evidence extraneous to the complaint in making appropriate factual findings on jurisdictional issues, it generally cannot convert a 12(b)(1) motion into one for summary judgment.  *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987).  A court, however, is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when "resolution of the jurisdictional question is intertwined with the merits of the case."  *Holt*, 46 F.3d at 1003; *Wheeler*, 825 F.2d at 259 n. 5. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt,* 46 F.3d at 1003; *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir.), *cert. denied,* 528 U.S. 964 (1999); *Tippet v. United States*, 108 F.3d 1194, 1196 (10th Cir. 1997).

## II. Undisputed Facts and Procedural Background

This case involves the seizure of a 2010 Cadillac SRX by the Drug Enforcement Administration (DEA) in Phoenix, Arizona, on November 9, 2010.  The Plaintiffs, Stephen and Jacqueline Padilla, seek the release of the seized property.  The facts in this case are undisputed.

Defendants' Motion to Dismiss [Doc. 10] sets out the following undisputed facts.  On November 9, 2010, a 2010 Cadillac SRX was seized from Lourdes Salazar in Phoenix, Arizona. The DEA office in El Paso subsequently prepared and submitted a forfeiture report to the office of the DEA Forfeiture Counsel and the DEA accepted this case for administrative forfeiture. [Doc. 10 at p. 2, Undisputed Fact 1-2.]

On December 8, 2010, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), the DEA instigated procedures to administratively forfeit this property.  The DEA sent written notice of the seizure by certified mail, return receipt requested, to the following people and addresses. (1) Stephen Anthony Padilla, a/k/a Stephen Henry Padilla and Steve Anthony Padilla, at 1150 Apache Plume Drive SE, Los Lunas, NM 87031.  On December 13, 2010, an individual signing in the "signature" block accepted delivery of this notice.  (2) Stephen Anthony Padilla, a/k/a Stephen Henry Padilla and Steve Anthony Padilla, at 2732 Merz Road SW, Albuquerque, NM 87105. On December 13, 2010, an individual signing in the "signature" block accepted delivery of this notice.  (3) Lourdes Salaz at 2721 East Schiliro Circle, Phoenix, AZ 85032.  On December 10, 2010, an individual signing in the "signature" block accepted delivery of this notice.  (4) Jackie Padilla, a/k/a Jacqueline Padilla, at 2732 Merz Road SW, Albuquerque, NM 87105. On December 11, 2010, an individual signing in the "signature" block accepted delivery of this notice.  (5) Jackie Padilla, a/k/a Jacqueline Padilla, at 1150 Apache Plume Drive SE, Los Lunas, NM 87031.  On December 13, 2010, an individual signing in the "signature" block

accepted delivery of this notice. (6) Steve Anthony Padilla at 2732 Merz Road SW, Albuquerque, NM 87105. On December 11, 2010, an individual signing in the "signature" block accepted delivery of this notice. [Doc. 10 at pp. 2-4, Undisputed Facts 3-8.]

Pursuant to 19 U.S.C. § 1607(a) and 21 C.F.R. § 1316.75, the seizure of the property was published in the Wall Street Journal, a newspaper of general circulation in the District of Arizona, for three successive weeks on December 20 and 27, 2010, and January 3, 2011. Both the published and the mailed notices explained the option of filing a claim with the DEA Forfeiture Counsel in order to contest the forfeiture action in the United States District Court and also stated that the deadline to file a claim was January 12, 2011. [Doc. 10 at p. 4, Undisputed Facts 9-12.] Pursuant to 18 U.S.C. 983(a)(2)(B), the published and mailed notices also informed Plaintiffs that the deadline to file a claim was January 12, 2011, or, if the mailed notice was not received, February 3, 2011. *Id.*

On January 4, 2011, the Plaintiffs filed a "Verified Complaint for Release of Seized Property Under 18 U.S.C. § 983(f)" (the "Complaint"), thus apparently asserting jurisdiction of this Court under § 983. [Doc. 1]. However, in the body of the Complaint Plaintiffs claim that the seized vehicle was not used for criminal activities and therefore 18 U.S.C. § 983 "is not applicable." [*Id.* at p. 3.]

On March 11, 2011, the Defendant filed its Answer to Plaintiff's Complaint [Doc. 7] and raised the following two affirmative defenses: (1) that "Plaintiffs failed to state a claim upon which relief can be granted;" and (2) Plaintiffs "failed to comply with the requirements set out in 19 U.S.C. § 1608 to challenge the seizure of the vehicle, therefore depriving this Court of jurisdiction over Plaintiff's Complaint and cause of action." [Doc. 7 at pp. 3-4.]

On March 24, 2011, there having been no properly executed claim received and the time for filing such claim having expired, "the DEA forfeited the 2010 Cadillac SRX to the United States pursuant to 19 U.S.C. § 1609. [Doc. 10 at p. 4, Undisputed Fact 13.]

On May 6, 2011, Defendant filed its Motion to Dismiss arguing that Plaintiffs' only proper remedy was to file a timely request for the remission or mitigation with the Forfeiture Counsel of the DEA pursuant to 18 U.S.C. § 983(f) and 19 U.S.C. § 1607(a).  In addition to, or in lieu of a petition for remission or mitigation with the Forfeiture Counsel of the DEA, Plaintiffs could have contested the forfeiture of the seized property in the United States District Court but failed to meet the statutory prerequisite of first filing a claim with the Forfeiture Counsel of the DEA.

On May 16, 2011, Plaintiffs filed their Response to Defendant's Motion to Dismiss. They did not contest any of the Defendant's Undisputed Facts but rather argued that they were not provided any evidence supporting the seizure of their vehicle and that the provided notice was an unconstitutional violation of the Due Process Clause. [Doc. 11.] They also point out that on April 14, 2011, they filed a claim with the DEA Forfeiture Counsel and attach a copy of the DEA Forfeiture Counsel's response to them. [Doc. 11 at Ex. 1.] The Forfeiture Counsel advised them that the "time period to file a claim expired on February 3, 2011" and therefore "the option to file a claim for this property no longer exists." *Id.*  The Forfeiture Counsel advised Plaintiffs, however, that their submission would be accepted as a "Petition for Remission or Mitigation which will be ruled on administratively by this office." *Id.*  Plaintiffs ask this Court, as an alterative to denying Defendant's Motion to Dismiss, to stay this action "pending an administrative ruling on [their] Petition for Remission and Mitigation which is currently before the Asset Forfeiture Section of the Drug Enforcement Administration." [Doc. 11 at p. 9.]

5

### III. Forfeiture procedures

In April 2000, Congress enacted the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified in part at 18 U.S.C. § 983.  The CAFRA "overhauled procedures for most federal civil and nonjudicial forfeiture actions initiated after August 23, 2000." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005).   In this case, the DEA utilized the administrative forfeiture procedure identified in the customs laws.  19 U.S.C. §1607(a).   Because the forfeiture was initiated after August 23, 2000, it is governed by CAFRA.  CAFRA sets out the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *Id.* at 1196 *quoting* 18 U.S.C. 983(e)(5) ("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."); *United States v. Tinajero-Porras*, 378 Fed.Appx. 850, 2010 WL 1981034 (10th Cir. 2010) (unpublished).

CAFRA sets forth the remedy for seeking a release of seized property.  It provides that a claimant is entitled to immediate release of seized property if he or she meets a series of requirements set out in 18 U.S.C. § 983 (f)(1)(A through E) and if he or she requests possession of the property from the appropriate official. 18 U.S.C. § 983 (f)(2).   In this case, the Plaintiffs's property, a vehicle, was seized by the Drug Enforcement Administration ("DEA") "because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C.,  Sections 801 *et seq*." [Doc. 10 at Ex. 1.] Therefore, claimants should have filed a petition with the Forfeiture Counsel of the DEA.  *See* Title 28, Code of Federal Regulations, Part 9.  Claimants could also, or alternatively, contest the seizure in federal court providing they filed "a claim with the Forfeiture Counsel of the DEA" by a date certain  *prior* to filing in federal court. 18 U.S.C. § 983 (f)(2) and (3); DEA Notice of Seizure [Doc. 10, Ex. 1].

**IV.  Discussion**

Plaintiffs only proper procedure for seeking release of the seized vehicle in federal court was to initially proceed administratively, by either filing a claim or a request for remission or mitigation of the forfeiture, through the Forfeiture Counsel of the DEA.  18 U.S.C. § 983 (f); *see* discussion above under Section III.   This Court does not have jurisdiction to consider Plaintiffs' Complaint because the administrative procedures outlined in the statute provide the exclusive means for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.  Where property sought to be returned has been administratively forfeited, the Court should not exercise. jurisdiction if the movant has failed to challenge the forfeiture through the appropriate administrative and judicial procedures. *See United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996).

The Plaintiffs assert that the notice did not comply with the due process requirements but did not assert any jurisdictional basis for their due process claims.  "[F]ederal question jurisdiction pursuant to 28 U.S.C. § 1331 is available for the limited purpose of considering collateral due process attacks; that is, deciding whether the forfeiture offended due process rights."  *Id.*;  *accord United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996).

Here, due process requires that the notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendancy of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover bank & Trust Co.,* 339 U.S. 306, 314 (1950).  Special or heroic efforts are not required, and actual notice is not required. *Dusenberry v. United States,* 534 U.S. 161, 170-171 (2002).   "*Mullane* supplies the appropriate analytical framework" for the notice required for forfeiture proceedings.  *Dusenberry,* 534 U.S. at 167.  As long as the government acted reasonably in selecting means likely to inform the

persons affected, the government has discharged its burden. *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1316 (10th Cir. 1994). "If an administrative forfeiture does not have any procedural defects, other challenges to the forfeiture, which would have been addressed under the statutory and regulatory procedures, must be considered waived. " *United States v. Deninno*, 103 F.3d 82, 84-85 (10th Cir. 1996).

Plaintiffs do not deny that the DEA sent written notice of the forfeiture by certified mail to Plaintiffs at several different addresses. They do not deny that they received the notice of forfeiture. They do not deny that the DEA published notice of the forfeiture in *The Wall Street Journal* for three consecutive weeks. In fact, Plaintiffs admit that they received notice. [Doc. 11 at pp. 2-3.] Both the written notice and the published notice explained the process for filing a claim with the DEA in order to contest the forfeiture action. Plaintiffs did not timely file a claim with the DEA and the vehicle was administratively forfeited.

The Court finds that the administrative forfeiture satisfied applicable due process and statutory requirements. Plaintiffs received actual notice of the forfeiture and failed to follow the procedures to contest the administrative forfeiture proceeding. By failing to challenge the forfeiture through the appropriate administrative and judicial procedures, Plaintiffs have missed their opportunity to adjudicate their claim to the seized vehicle in court. Plaintiffs' remedy is limited to the opportunity afforded them by the DEA Forfeiture Counsel on April 14, 2011, wherein the DEA Counsel accepted Plaintiffs' untimely submission as a "Petition for Remission or Mitigation which will be ruled on administratively by [that] office." [Doc. 11, Ex. 1.]

## V.  Conclusion

The administrative forfeiture action satisfied applicable due process and statutory requirements and therefore this Court lacks subject matter jurisdiction to consider Plaintiff's claims to this seized vehicle.

**IT IS THEREFORE ORDERED** that Defendant United States of America's Motion to Dismiss Or, in the Alternative, Motion for Summary Judgment filed May 6, 2011 [Doc. 9] is hereby **GRANTED** and this matter is dismissed with prejudice.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE